UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, *et al.*,

        Plaintiffs,

v.

        Case No. 19-cv-1139-pp

MILLER'S BLASTING SERVICE, INC,

        Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE**

On August 7, 2019, the plaintiffs filed a complaint against Miller's Blasting Service, Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145, and breach of contract. Dkt. No. 1. The plaintiff requested entry of default on September 19, 2019, dkt. no. 6, and the clerk entered default on September 23, 2019. The plaintiffs subsequently filed a motion for default judgement, dkt. no. 10, along with affidavits in support of their request for unpaid contributions, interest, liquidated damages and reasonable attorney fees, dkt nos. 13-16. To date, the defendant has not appeared. The court will grant the motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the

1

court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on August 7, 2019. Dkt. No. 1. On August 20, the plaintiffs filed an affidavit of service. Dkt. No. 4. The affidavit indicated that the process server served the summons and complaint on Stephanie Buman, registered agent of Miller's Blasting Services, Inc., on August 14, 2019. Id. The defendant's answer was due within twenty-one days of that date—by September 4, 2019.

## II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or

2

capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint alleges that the defendant violated ERISA and the effective collective bargaining agreements by failing to make timely and prompt contributions on behalf of employees to the plaintiff funds. Dkt. No. 1 at 4. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the litigation. 29 U.S.C §1132(g)(2).

The motion for default judgment and supporting affidavits contain an accounting of plaintiff's damages and attorney's fees and costs. Dkt. Nos. 10–16. The plaintiffs' attorneys submitted itemized attorney's fees and costs in the amount of $1,910 for Attorney Buchko, dkt. no. 13 at 5, and attorney's fees in the amount of $751.25 for Attorney Finnegan, dkt. no. 14 at 3. They also submitted an affidavit with supporting attachments for audits covering the period from September 1, 2016 through July 31, 2018, and from August 1, 2018 through June 30, 2019. Dkt. Nos. 15, 16. The court **FINDS** that the defendant owes the plaintiff $51,735.01 for unpaid contributions, $6,228.96 for interest on unpaid contributions, and $19,150.98 in liquidated damages. In addition, the court **APPROVES** an award of $2,661.25 in attorney's fees and costs. The amount of unpaid contributions, interest on unpaid contributions,

liquidated damages, and attorney's fees and costs total $79,776.20, plus post-judgment interest.

## III. CONCLUSION

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 10.

The court **ORDERS** that default judgment shall enter in favor of the plaintiffs and against the defendant in the amount of $79,776.20, plus post-judgment interest.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 29th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**